UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company,<br><br>Plaintiff,<br><br>vs.<br><br>Tonya Brady,<br><br>Defendant. | CIVIL ACTION NO. 2:23-cv-00757-DCN<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(Jury Trial Demanded)** |

Plaintiff, State Farm Fire and Casualty Company (hereinafter "State Farm"), by way of Complaint for Declaratory Judgment against Defendant Tonya Brady, and in support of its Complaint alleges and states as follows:

**JURISDICTION AND VENUE**

1. State Farm brings this action for declaratory relief pursuant to Rules 38, 39, and 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201-2202 to declare the rights, status, and other legal relations concerning claims for insurance coverage arising out of a policy of insurance between insurer State Farm and named insured Tonya Brady.

2. State Farm is an insurance company organized and existing pursuant to the law of the State of Illinois with its principal place of business in Bloomington, Illinois, at the time this cause of action arose.

3. That, upon information and belief, Defendant Tonya Brady was a citizen and resident of Colleton County, South Carolina, at all relevant times.

4. The Jurisdiction of this Court is based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C § 1332.

5.  State Farm issued a homeowners' insurance policy, policy number 40-CU-U789-7 (hereinafter "the Policy"), to Tonya Brady, providing coverage for a residence at 107 Buckeye Road, Smoaks, South Carolina, 29481 ("107 Buckeye Road") that was in effect on the date of loss of February 14, 2022. A certified copy is attached hereto as **Exhibit A** and incorporated herein by reference.

6.  The Policy provided coverage of $223,000.00 for the dwelling and coverage of $167,250.00 for personal property. The potential exposure of State Farm under the Policy is $390,250.00.

7.  The amount in controversy herein exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8.  All matters and allegations herein contained are within the subject matter and personal jurisdiction of this District Court and Venue is proper in this Court and in this Division.

## FACTUAL ALLEGATIONS

9.  Plaintiff realleges the foregoing paragraphs as fully and effectively as if set forth herein verbatim and seeks declarations from this Court consistent with the following.

10. Upon information and belief, Tonya Brady took a mortgage out on 107 Buckeye Road from Home Federal Bank in 2006.

11. In 2018, Home Federal Bank initiated foreclosure proceedings with respect to 107 Buckeye Road due to Defendant's delinquent mortgage payments. On September 6, 2021, 107 Buckeye Road was sold to Home Federal Bank at a foreclosure sale.

12. State Farm issued the Policy to Tonya Brady on November 15, 2021.

13. On February 14, 2022, Defendant reported to State Farm that a fire broke out and severely damaged 107 Buckeye Road and her personal belongings within the home ("the Incident"). Defendant alleges the Incident was accidental and was caused by Defendant's then-boyfriend falling asleep with bacon frying on the stove.

14. The responding fire department determined the cause of the fire was incendiary, suspicious, or unknown.

15. Defendant Tonya Brady filed a claim against the Policy at issue arising out of the Incident.

16. State Farm hereby petitions the Court to declare the rights, status, and other legal relations concerning claims for insurance coverage arising out of the Policy.

## FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment – No Insurable Interest as to the Dwelling Only)

17. Plaintiff realleges the foregoing paragraphs as fully and effectively as if set forth herein verbatim and seeks declarations from this Court consistent with the following.

18. Under South Carolina law and the Policy, an insurable interest in the property on the date of loss is a condition of the insurance contract and is required in order for the contract of insurance to be valid.

19. The Policy provides as a condition:

> 1. Insurable interest and Limit of Liability. Even if more than one person has an insurable interest in the property covered, we shall not be liable:
>
>> a. to the insured for an amount greater than the insured's interest;

20. Tonya Brady represented to State Farm that she was the owner of 107 Buckeye Road in order to procure the Policy covering 107 Buckeye Road beginning on November 15, 2021.

21.     The evidence relating to this claim indicates 107 Buckeye Road was sold at a foreclosure sale on September 6, 2021. Defendant no longer had any legal or equitable interest in 107 Buckeye Road after September 6, 2021. The Deed of Foreclosure is attached hereto as **Exhibit B** and is incorporated herein by reference.

22.     The Policy is not valid and binding due to Defendant's lack of an insurable interest in 107 Buckeye Road on the date of loss of February 14, 2022, which was a condition of coverage.

## FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment – No Accidental Loss)

23.     Plaintiff realleges the foregoing paragraphs as fully and effectively as if set forth herein verbatim and seeks declarations from this Court consistent with the following.

24.     The Policy provides that State Farm will pay for any "accidental direct physical loss" by fire to 107 Buckeye Road and the personal property within the home.

25.     The Policy further states that State Farm will not pay any insured for a loss if the insured "intentionally causes or procures a loss to property covered under this policy."

26.     The evidence relating to this claim indicates that Defendant intentionally set fire or procured her then-boyfriend to set fire to 107 Buckeye Road on the date of loss. Specifically, Defendant informed Witness Amy Ott of her intent to deliberately set fire to or procure the fire loss to 107 Buckeye Road. The Affidavit of Amy Ott is attached hereto as **Exhibit C** and is incorporated herein by reference.

27.     If Tonya Brady intentionally caused or procured the fire loss to 107 Buckeye Road on February 14, 2022, then the reported loss was not accidental, and the loss is not covered under the Policy.

## FOR A THIRD CAUSE OF ACTION
### (Declaratory Judgment – False Statements by Insured)

28. Plaintiff realleges the foregoing paragraphs as fully and effectively as if set forth herein verbatim and seeks declarations from this Court consistent with the following.

29. With respect to concealment or fraud, the Policy provides that the Policy is void as to Defendant if the insured "has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss."

30. The evidence relating to this claim indicates that Defendant made false statements to State Farm with the intent to conceal or misrepresent material facts and circumstances in connection with the claim.

31. Upon information and belief, Defendant represented to State Farm that Defendant had an insurable interest in 107 Buckeye Road when applying for a State Farm Insurance policy on November 15, 2021. If Defendant did not have an insurable interest in 107 Buckeye Road on November 15, 2021, then false information was provided to State Farm by Defendant.

32. Upon information and belief, Defendant further represented to State Farm that the incident was accidental. If the incident was not accidental, then false information was provided to State Farm by Defendant.

33. Upon information and belief, Defendant further misrepresented to State Farm the extent and value of her personal property that was damaged by the incident.

34. Coverage under the Policy is properly excluded on this basis, as false statements were intentionally made in connection with a claim under the Policy.

35 Plaintiff demands that all causes of action that may be tried before a jury be so tried.

**WHEREFORE,** State Farm Fire and Casualty Company prays this Court issue an order declaring the rights, status, and other legal relations between State Farm and Tonya Brady concerning claims brought by Tonya Brady under the Policy arising out of the Incident that occurred on February 14, 2022; that the Policy does not provide coverage for any claims brought by Tonya Brady arising out of the Incident that occurred on February 14, 2022, and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

CLAWSON and STAUBES, LLC

/s/ Christopher W. Nickels

_____

Christopher W. Nickels
Fed Id. No. 07709
chris@cslaw.com
126 Seven Farms Drive, Suite 200
Charleston, South Carolina 29492-8144
Phone: (843) 577-2026
Attorney for State Farm Fire and Casualty Company

Charleston, South Carolina
February 24, 2023