IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) TONYA BRADY, ) ) Defendant. ) ) | No. 2:23-cv-00757-DCN<br><br>ORDER |

The following matter is before the court on defendant Tonya Brady's ("Brady") motion to dismiss, ECF No. 7. For the reasons set forth below, the court grants the motion.

**I. BACKGROUND**

State Farm Fire and Casualty Company ("State Farm") filed this lawsuit to seek a declaratory judgment regarding a homeowner's insurance policy (the "Policy") providing coverage for a residence at 107 Buckeye Rd., Smoaks, SC, 29481 (the "Residence"). ECF No. 1, Compl. ¶¶ 1, 5. State Farm claims that in 2018, the Home Federal Bank (the "Bank")—which had issued a home mortgage for the Residence in 2006—initiated foreclosure proceedings against the Residence. Id. ¶¶ 10–11. On September 6, 2021, the Residence was sold to the Bank at a foreclosure sale. Id. Two months later, State Farm issued the Policy to Brady on November 15, 2021. Id. ¶ 12. On February 14, 2022, Brady reported to State Farm that a fire broke out and severely damaged the Residence and her personal belongings within the home. Id. ¶ 13. Brady claims that the fire was accidental and caused by her then-boyfriend falling asleep with bacon frying on the stove,

1

though the responding fire department determined the cause of the fire was "incendiary, suspicious, or unknown." Id. ¶¶ 13–14.

State Farm filed the complaint in this court against Brady on February 24, 2023, seeking three declaratory judgments: (1) there was no insurable interest as to the dwelling, (2) there was no accidental loss from the fire, and (3) the policy is void due to false statements by the insured. Compl. ¶¶ 17–35. On March 27, 2023, Brady filed the motion to dismiss. ECF No. 7. State Farm responded in opposition on April 5, 2023, ECF No. 8, to which Brady replied on April 11, 2023, ECF No. 10. On June 8, 2023, the court held a hearing on this motion. ECF No. 13. As such the motion has been fully briefed and is now ripe for review.

## II.  STANDARD

### A.  Rule 12(b)(1)

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the pleading fails to state facts upon which jurisdiction can be founded. It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the [the pleading] alone; (2) the [pleading] supplemented by undisputed facts evidenced in the record; or (3) the [pleading] supplemented by undisputed facts plus the court's resolution

of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

    **B.  Rule 12(b)(6)**

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### C. Declaratory Judgment

"The Declaratory Judgment Act [the "Act"], 28 U.S.C. § 2201(a), provides that district courts 'may declare' the rights of interested parties." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998). "Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). Therefore, consistent with Congress's intent, courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." Kapiloff, 155 F.3d at 493. However, "[t]his discretion is not unbounded [because] a district court may not refuse to entertain a declaratory judgment action out of 'whim or personal disinclination' but may do so only for 'good reason.'" Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994) (quoting Public Affairs Assoc., Inc. v. Rickover, 369 U.S. 111, 112 (1962); Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937)).

### III.  DISCUSSION

State Farm brings a claim for declaratory relief pursuant to Fed. R. Civ. P. 38, 39, and 57, and 28 U.S.C. §§ 2201–02. Compl. ¶ 1. State Farm filed the suit in federal court pursuant to 28 U.S.C. § 1332.[1] Id. ¶ 4. There is complete diversity between the parties

---

[1] State Farm is a company incorporated in Illinois with its principal place of business in Illinois, and Brady is a citizen and resident of South Carolina. The amount in controversy is met because the policy provides $167,250 for personal property and $223,000 for the dwelling. Compl. ¶¶ 2–4, 6. Therefore, Brady's argument that the Declaratory Judgment Act does not confer federal question jurisdiction is irrelevant because the case is properly in federal court pursuant to diversity jurisdiction. See ECF No. 7 at 3–4.

and the amount in controversy is greater than $75,000; thus, there is subject matter jurisdiction.  See id. ¶¶ 2–4, 6.

Brady argues that the court lacks jurisdiction because there is no actual controversy since State Farm is seeking a declaration of non-liability.  ECF No. 7 at 4–5.  In response, State Farm argues that the purpose of a declaratory judgment action is to seek the court's assistance when there is uncertainty as to whether the insurer is obligated to provide coverage to the insured.  ECF No. 8 at 3.  Here, there is uncertainty as to whether the personal property affected by the fire is covered by the Policy—and Brady has "made claims against the Policy under the Policy's personal property, loss of use, and/or dwelling coverage."  Id. at 2–3.  Moreover, State Farm emphasizes that courts have found circumstances where anticipatory judgments of non-liability are appropriate, which include insurance disputes.  Id. at 4 (citing Tucker Materials, Inc. v. Safesound Acoustics, Inc., 971 F. Supp. 2d 537, 544 (W.D.N.C. 2013)).  In reply, Brady emphasizes that to date she has received payment from State Farm for temporary housing and she has filled out forms related to the fire loss, but she has "not yet made a demand for the property damage loss nor has any payment been denied."  ECF No. 10 at 1.  Brady asserts that only upon the denial of coverage and her filing of a suit in court would State Farm "have the right to raise as defenses those items asserted in this case," but at this time the "case is not ripe for adjudication as there is no actual controversy between the parties." Id. at 1–2.

The Act authorizes jurisdiction if the Article III case-or-controversy requirement is satisfied.  28 U.S.C. § 2201(a); Miller v. Augusta Mut. Ins. Co., 157 F. App'x 632, 636–37 (4th Cir. 2005).  The Supreme Court has stated that the case-or-controversy

requirement is met where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). "Whether the subject of a declaratory judgment action is a sufficiently live controversy rather than an abstract question 'is necessarily one of degree, and it would be difficult . . . to fashion a precise test for determining in every case whether there is such a controversy." Miller v. Augusta Mut. Ins. Co., 157 F. App'x 632, 637 (4th Cir. 2005) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270. 273 (1941)). The Fourth Circuit has recognized that in certain circumstances, the threat of future litigation may give rise to an actual controversy. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 593 n.12 (4th Cir. 2004) (citing GTE Directories Pub. Corp. v. Trimen Am., Inc., 67 F.3d 1563 (11th Cir. 1995)).

However, "[t]he anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure. It deprives the plaintiff of h[er] traditional choice of forum and timing, and it provokes a disorderly race to the courthouse." State Farm Fire & Cas. Co. v. Taylor, 118 F.R.D. 426, 429–30 (M.D.N.C. 1988) (quoting Hanes Corp. v. Millard, 531 F.2d 585, 592–93 (D.C. Cir. 1976), overruled on other grounds by Nat'l R.R. Passenger Corp. v. Consol. Rail Corp., 892 F.2d 1066 (D.C. Cir. 1990)). "A district court may properly consider the inequity of permitting a declaratory plaintiff to gain precedence in time and forum by filing a declaratory action which is merely anticipatory of a parallel state action." Id. (internal citations omitted). Thus, the court is asked to balance the interests of the parties: on one hand, the person who may be entitled to

coercive relief—Brady—has traditional interests in choice of forum, timing, and avoiding a race to the courthouse, whereas the other party—State Farm—has an interest in being relieved from the uncertainty and insecurity arising from a controversy. See id. at 430.

To be sure, the facts in this case are unique in that the insurer has not yet denied a claim because no claim has been filed.[2] The parties have not provided the court with any cases directly on point. E.g., Tucker Materials, 971 F. Supp. 2d at 547 (dismissing a declaratory judgment suit duplicative of two state court cases—one filed prior to the federal action—both concerning breach of contract); Liberty Mut. Fire Ins. Co. v. Sutton, 2022 WL 11112589, at *5 (4th Cir. Oct. 19, 2022) (allowing a federal court to hear a declaratory judgment action concerning a dispute between an insurer and the insured once a third-party claim had been filed in state court against the insured without needing to wait for the state court's resolution of liability).

The court has found no cases that clearly state a declaratory judgment action may be maintained by an insurer against its insured when the insured takes steps toward filing a claim with her insurer, without yet filing a claim. Certainly, the court has found that other courts have held that once a claim is filed with an insurer, the insured has "invoked his rights under an insurance contract" meaning the subsequent "dispute involves a 'real and substantial' set of facts, as opposed to a hypothetical situation." Standard Fire Ins.

---

[2] Even if this were to no longer be the case, that change might be irrelevant because the court determines whether a justiciable case or controversy exists by evaluating whether a controversy existed at the commencement of the action. Golden v. Zwickler, 394 U.S. 103, 108 (1969). Consequently, events subsequent to the filing of this action—such as the subsequent filing and denial of Brady's claim—have no bearing on the court's constitutional analysis of whether a controversy exists. See id. At the hearing, the court asked the parties whether Brady has since filed a claim seeking coverage for her personal property damage and the parties indicated that she had not. ECF No. 13.

Co. v. Armstrong, 2012 WL 3730644, at *3 (E.D. Va. Aug. 28, 2012); Firemen's Ins. Co. v. Kline & Son Cement Repair, Inc., 474 F. Supp. 2d 779, 786 (E.D. Va. 2007); but see Trustgard Ins. Co. v. Collins, 942 F.3d 195, 200 (4th Cir. 2019) (questioning without resolving whether a federal court has jurisdiction to issue a declaratory judgment as to an insurer's duty to indemnify before a state court renders a judgment on the insured's liability). Similarly, some courts have found a declaratory judgment action may be maintained by an insurer against its insured where an injured third-party has not formally filed a lawsuit against the insured. Firemen's Ins. Co., 474 F. Supp. 2d at 784; T.H.E. Ins. Co. v. Dowdy's Amusement Park, 820 F. Supp. 238 (E.D.N.C. 1993); Icarom, PLC v. Howard Cnty., 904 F. Supp. 454, 458 (D. Md. 1995); but see Union Ins. Co. v. Soleil Grp., Inc., 465 F. Supp. 2d 567, 574 (D.S.C. 2006) (holding there was no case or controversy between insurer and insured where no suit had been filed by a third-party claimant). Certainly, the Fourth Circuit has found an actual controversy where the existence of a contract dispute is plainly evident in the pleadings. Compare N. Jefferson Square Assocs., L.P. v. Va. Housing Dev. Auth., 94 F. Supp. 2d 709, 718 (E.D. Va. 2000) (finding no controversy present when the defendant had not taken any action, even of a preliminary nature, against the plaintiff, and the defendant had not indicated that it intended to take any future legal action against the plaintiff), with Volvo Constr., 386 F.3d at 593 (finding a controversy present where a contract dispute is plainly evident in the pleadings and the plaintiff had already received written and oral litigation threats from those similarly situated to the defendant). However, at least one other circuit has expressly found that "actions for declaratory judgment on insurance coverage are generally not justiciable until there has been at least a threat of a claim or lawsuit."

Progressive Mountain Ins. Co. v. Middlebrooks, 805 F. App'x 731, 734 (11th Cir. 2020). Accordingly, the parties have not identified, and the court has not found, a case directly on point permitting a declaratory action to proceed if the insured has not yet filed a claim.

With those decisions in mind, the court turns to the facts of this case. At the time State Farm filed the complaint, Brady had not filed a claim with State Farm for personal property coverage. ECF No. 10 at 1. To be sure, State Farm had begun paying Brady for temporary housing and had assigned an adjuster to the case upon notice of the fire loss as required by the Policy. Id. Additionally, Brady had completed forms related to the fire loss and had given a statement under oath regarding the same, also required by the Policy. Id. Brady concedes as much. Id. At the hearing, Brady and State Farm both agreed that Brady had not yet filed an official claim under the Policy seeking coverage of her personal property destroyed in the fire. ECF No. 13. Once a claim is filed with State Farm this case may be ripe for adjudication under the Act. See Firemen's Ins., 474 F. Supp. 2d at 786. But Brady has not filed a claim, and without a claim there is no actual controversy.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 12, 2023
Charleston, South Carolina**